IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICK D. TATE, # N-03505, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1001-JPG |
| | ) |
| DONALD GAETZ, S.A. GODINEZ, | ) |
| and CHRISTINE BROWN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 30-year sentence for second degree murder. Plaintiff claims that Defendants are deliberately indifferent to his serious medical condition.

More specifically, Plaintiff suffers from type II diabetes and a neurogenic bladder disorder (Doc. 1, p. 7). The bladder condition requires that he catheterize himself four to six times each day (Doc. 1-1, p. 7). Plaintiff complains that Defendant Brown (Pinckneyville Health Care Administrator) has refused to give him sufficient medical supplies (catheters) to manage his condition (Doc. 1, p. 5). He claims he is supposed to change catheters every day and not re-use them. According to Plaintiff's exhibits, he is to receive only five catheters per week (Doc. 1-1, p. 18). Furthermore, the medical staff has provided him with the wrong size catheters.

Plaintiff has requested treatment from two outside specialists (a neurologist and urologist). However, Defendant Brown refused to refer him for outside treatment.

Defendant Gaetz (Pinckneyville Warden) approved Defendant Brown's denial of

Plaintiff's grievances over his medical treatment and the specialist referral (Doc. 1, pp. 6-7). Defendant Godinez (Director of the Illinois Department of Corrections – "IDOC") likewise concurred with the disposition of Plaintiff's grievances, without conducting any formal investigation (Doc. 1, p. 7).

Plaintiff seeks injunctive relief to ensure he receives all his medical supplies promptly, and that he be referred to the two specialists. He also requests damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff may proceed with his Eighth Amendment claim against Defendant Brown for deliberate indifference to medical needs, for failing to provide Plaintiff with adequate medical supplies **(Count 1)**. At this stage, it is not clear whether Defendant Brown's failure to supply catheters amounts to a knowing or reckless disregard of a serious risk to Plaintiff's health, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994), or whether Plaintiff was denied proper supplies through inadvertence, negligence or malpractice, *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Deliberate indifference is a constitutional violation; inadvertent error, negligence, and malpractice are not. Further factual development is necessary in order to determine whether Plaintiff has a viable civil rights claim.

However, Plaintiff's allegations regarding Defendant Brown's refusal to refer him to outside specialists **(Count 2)** fails to state a claim upon which relief may be granted, and shall be dismissed. In addition, Plaintiff has failed to state a claim against either Defendant Gaetz or

Defendant Godinez for their denial of his grievances **(Count 3)**.

**<u>Dismissal of Count 2</u>**

Plaintiff has suffered from diabetes and the bladder condition for some time, since before he was incarcerated (Doc. 1, p. 6).  His allegations indicate that the bladder condition is serious enough to require ongoing treatment.  However, not every condition requires the intervention of a specialist.  Plaintiff has not articulated any reason why a specialist is needed in his case, other than his own preference to see the particular doctor who had treated him in the past, and his general assertion that his condition "can get worse if not cared for as needed" (Doc. 1, p. 7).  To be sure, Plaintiff alleges in Count 1 that his condition is not being properly cared for because he has inadequate medical supplies.  But he does not state that he has actually experienced any symptoms that might indicate complications or a worsening of his condition.

Mere disagreement with a health care provider's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference.  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir.  2006); *see also Garvin*, 236 F.3d at 898.  Here, the difference of opinion on the need for a specialist is between Defendant Brown, a medical professional, and Plaintiff, who gives no indication that he has any

medical training whatsoever.

Under the above authorities and the facts pled by Plaintiff, Defendant Brown did not violate Plaintiff's constitutional rights when she ruled that his condition did not require a referral to a non-prison specialist. Likewise, neither Defendant Gaetz or Defendant Godinez violated the Constitution when they concurred in the decision to deny specialist treatment. When a prisoner is under the care of prison medical professionals, a non-medical prison official (such as the warden or IDOC Director) "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, Count 2 shall be dismissed with prejudice.

**Dismissal of Count 3**

Plaintiff filed two grievances over his medical complaints, which were reviewed by Defendants Gaetz and Godinez. Plaintiff seeks to hold them liable because they concurred with Defendant Brown's decisions. He further believes that Defendant Godinez should be liable because he did not conduct a "formal administrative investigation" into Plaintiff's complaints (Doc. 1, p. 7).

Contrary to Plaintiff's belief, the rejection or improper handling of inmate grievance complaints will not give rise to a constitutional claim. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d

605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, prison grievance procedures are not constitutionally mandated, so a "failure to investigate" a grievance creates no civil rights liability. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

As noted above, when reviewing grievances, officials such as Defendants Gaetz and Godinez may generally rely on the judgment of prison medical professionals as to whether an inmate is receiving proper medical care. Further, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (an official must have been "personally responsible for the deprivation of a constitutional right" for liability to attach). Even though Defendants Gaetz and Godinez had supervisory authority over Defendant Brown, this does not make them liable for any constitutional violations she may have committed.

Accordingly, Count 3 shall be dismissed with prejudice.

**Defendant Gaetz**

Although Plaintiff has not stated a cognizable claim against Defendant Gaetz for any of the substantive claims discussed above, he shall remain as a party to the lawsuit at this stage. Plaintiff is seeking injunctive relief, and if it is ultimately determined that he is entitled to such an order, the Warden may be required to take action to comply. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Frazier for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below on those Defendants who remain in the action.  No service shall be made on the dismissed Defendant.

**Disposition**

**COUNTS 2 and 3** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendant **GODINEZ** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **BROWN** and **GAETZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2013**

*s/ J. Phil Gilbert*
United States District Judge