**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ERICK D. TATE, #N-03503, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-01001-JPG-PMF |
| | ) | |
| DONALD GAETZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 30) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Summary Judgment (Doc. 24).   The Plaintiff did not file any objections to the R & R; however, the Defendants did file objections (Doc. 33).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   The Court will review *de novo* the R & R since the Defendants have filed an objection to the R & R.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels*

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.   Defendants do not object to the dismissal of Defendant Brown so the Court will review that portion of the R & R for clear error.   However, Defendants have filed an objection to the R & R with regard to Defendant Gaetz and the Court will review that portion *de novo*.

Defendants motioned for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.   There appears to be no dispute that the Plaintiff failed to name Defendant Brown within his grievances; however, the Defendants argue that Defendant Gaetz should also be dismissed as he is only named in his official capacity and without an underlying defendant who personally violated Plaintiff's rights, "there is no issue to be litigated."   (Doc. 33, page 2).

The Defendants cite to *Sperow v. Shah*, 2014 WL 44135595.   First, District court decisions do not have *stare decisis* effect.   "It may be a wise, well-reasoned decision that persuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise.   *Midlock v. Apple Vacations W. Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005).   Since the Defendants have cited this case, the Court will consider its reasoning, but caution Defendants that these cases are non-binding precedent.

In *Sperow,* it was held that the medical director, who was a party to the action solely for injunctive relief, was no longer a potentially necessary party since the medical treatment was found reasonable at summary judgment.   *Supra.*   That differs from this matter in that the issue before the Court is exhaustion.    There has been no determination that Plaintiff's medical

treatment has been reasonable and as such, Defendant Gaetz is still a necessary party to this action.

The Court notes, and the Defendants agree, that the Plaintiff has exhausted his administrative remedies with regard to the Menard and Pontiac Correctional Centers. Defendants' argument is that Plaintiff has not exhausted his remedies at current location; however, this appears to be an on-going issue and the Plaintiff has exhausted his remedies at the facility he was located in at the time this suit filed.

The Court has reviewed the entire file and finds that the R & R is not clearly erroneous with regard to the dismissal of Defendant Brown.  The Court further reviewed that portion of the R & R with regard to Defendant Gaetz *de novo* and finds that the Plaintiff has exhausted his administrative remedies for the purposes of injunctive relief.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 30) in its entirety and **DENIES** in part and **GRANTS** in part Defendants' Motion for Summary Judgment (Doc. 24).

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute Defendant Spiller[1] for Defendant Gaetz.  Defendant Brown is **DISMISSED** without prejudice and this matter will proceed against Defendant Spiller in his official capacity solely for the purposes of injunctive relief.

**IT IS SO ORDERED.**

**DATED:**  4/29/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] Tom Spiller is the current Warden at Pinckneyville Correctional Center and Donald Gaetz is the former warden. As such, Mr. Spiller is automatically substituted for Mr. Gaetz as a defendant in this matter.