IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICK D. TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-01001-JPG-PMF |
| | ) |
| DONALD GAETZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Motion (Doc. 35) for Reconsideration of this Court's Memorandum and Order (Doc. 34) adopting the Report and Recommendation (R & R)(Doc. 30) of Magistrate Judge Fraizer and dismissing Defendant Brown.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling

was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case.  *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

Plaintiff states that he filed the Motion for Reconsideration "too recounteract my objections" and that "he in fact did exhaust all my institutional and administrative remedies." (Doc. 35, pg 1).  Plaintiff attached his grievance of November 7, 2012; his grievance of March 2, 2013; and his grievance of July 2, 2013 in support of his motion.

It is noted that Plaintiff filed an objection to the R & R (Doc. 32) which was stricken by the court for having the incorrect document attached.  Plaintiff was instructed to refile his objection and he failed to do so.  It is also noted that the Plaintiff did not file a response to Defendant Brown's Motion for Summary Judgment.

The Court acknowledges (and it was stated in the R & R) that Plaintiff has filed numerous grievances and that he has exhausted available administrative remedies as to his general claim for injunctive relief.  However, a review of the grievances attached to his motion again demonstrates that there is not a single grievance which names Defendant Brown or anything within his motion to indicate that Defendant Brown was specifically involved in denying him adequate medical care.

Plaintiff's argument that "Defendant Brown has all authority over the health care unit in Pinckneyville Correctional Center" does not provide proper support for a colorable claim against

Defendant Brown or indicate that he pursued proper administrative remedies prior to filing suit against Defendant Brown.  As such, Plaintiff has not stated any extraordinary circumstance which would compel this court to reconsider it Order.

Based on the above, Plaintiff's Motion (Doc. 35) for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  9/15/2015

>*s/J. Phil Gilbert*
>**J. PHIL GILBERT**
>**DISTRICT JUDGE**